1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAY ANTHONY STEVENS,

11              Plaintiff,                    No. CIV S-09-1502 JAM DAD PS

12        vs.

13   HUHTAMAKI,                               ORDER

14              Defendant.

15   _____/

16              Pending before the court is plaintiff's motion for appointment of counsel,

17   currently set to be heard on July 31, 2009.  The court does not believe oral argument will be

18   helpful in this matter and therefore vacates the hearing.

19              Three factors are relevant to the determination of whether counsel should be

20   appointed to represent a plaintiff in an employment discrimination case such as this one:  (1) the

21   plaintiff's financial resources, (2) the efforts already made by the plaintiff to secure counsel, and

22   (3) whether the plaintiff's claims have merit.  Bradshaw v. Zoological Soc'y of San Diego, 662

23   F.2d 1301, 1318 (9th Cir. 1981).  Appointment of counsel is not a matter of right.  Ivey v. Board

24   of Regents, 673 F.2d 266, 269 (9th Cir. 1982).

25              Here, the court previously granted plaintiff's application to proceed in forma

26   pauperis.  Plaintiff has made an adequate showing of indigency, thereby satisfying the first

                                                1

1  relevant factor.  Plaintiff has submitted a declaration in which he states that he visited the

2  McGeorge School of Law Community Legal Services Clinic, Legal Services of Northern

3  California, York Law Corporation, and the law offices of William T. Yankey between February 4

4  and June 4, 2009 and that each refused his request for representation in this case.  Plaintiff has

5  made a showing of efforts made to secure counsel prior to and after filing this action.

6        As to the third factor, the court has reviewed the allegations of plaintiff's

7  complaint.  Plaintiff alleges that the defendant refused to consider him for the position of

8  machine operator because of a past criminal conviction of a felony DUI, without taking into

9  consideration the circumstances of the offense and its relevance to the job plaintiff applied for.

10 Plaintiff contends that defendant denied him an equal employment opportunity and discriminated

11 against him on the basis of his race.  In his motion, plaintiff argues that defendant's policy of not

12 hiring any person convicted of a criminal offense has a racially discriminatory effect.  While the

13 court has not prejudged plaintiff's case, the court finds that plaintiff has not shown that his

14 claims have merit such that counsel should be appointed at this time.

15       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to appoint

16 counsel (Doc. No. 6) is denied without prejudice, and the hearing of the motion, currently set for

17 July 31, 2009, is vacated.

18 DATED: June 26, 2009.

19

20 _____

21 DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

22 DAD:kw
   Ddad1\orders.prose\stevens1502.ord.motcounsel

23

24

25

26