IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAY ANTHONY STEVENS,

        Plaintiff,                      No. 2:09-cv-01502 JAM KJN PS

     v.

HUHTAMAKI,

        Defendant.              ORDER

_____/

        Presently before the court is plaintiff's motion to extend the July 2, 2010 discovery completion deadline (Dkt. No. 19), which is set forth in the court's Status (Pretrial Scheduling) Order (Dkt. No. 17 at 3). Plaintiff is proceeding without counsel, or pro se, and in forma pauperis. Plaintiff's motion, filed on July 2, 2010, seeks an extension of this deadline by 20 days. The court previously construed plaintiff's motion as an ex parte application to extend the discovery completion date, and permitted defendant to file a written opposition or statement of non-opposition to plaintiff's application. (Dkt. No. 20.) Defendant filed its timely opposition on July 13, 2010. (Dkt. No. 21.)

        Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." See also Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can

1

only be modified 'upon a showing of good cause.'") (citing <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992)).  A district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  <u>Johnson</u>, 975 F.2d at 609 (citations and quotation marks omitted).  If the party seeking the modification "was not diligent, the inquiry should end."  <u>Id</u>.  In summarizing this good cause standard, a district judge of the Northern District of California recently stated: "Generally, in determining whether there is good cause to permit an extension the court will primarily look to the (1) diligence of the party seeking the extension, but may also consider (2) the explanation for the failure to complete discovery in a timely fashion; and (3) potential prejudice in allowing the extension."  <u>Missing Link, Inc. v. eBay, Inc.</u>, No. C-07-04487 RMW, 2010 WL 34268, at *2 (N.D. Cal. Jan. 6, 2010) (unpublished).[1]

Here, plaintiff has provided no information about his efforts to conduct discovery during the pendency of this action, or his diligence in that regard.  Defendant asserts that plaintiff

---

[1] In considering whether to modify a scheduling order pursuant to Rule 16(b), some courts have considered the following factors set forth in <u>U.S. ex rel. Schumer v. Hughes Aircraft Co.</u>, 63 F.3d 1512, 1526 (9th Cir. 1995) (citation omitted), <u>judgment vacated on other grounds</u>, 520 U.S. 939 (1997), which involved whether to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

<u>See</u> e.g., <u>Tyco Thermal Controls LLC v. Redwood Indus.</u>, No. C 06-07164 JF (PVT), 2010 WL 2353533, at *2 (N.D. Cal. June 9, 2010) (unpublished); <u>United States v. Thompson</u>, No. Civ. S 03-1532 FCD, GGH, 2005 WL 1303324, at *1 (E.D. Cal. Mar. 22, 2005) (unpublished); <u>Bleek v. Supervalu, Inc.</u>, 95 F. Supp. 2d 1118, 1120 (D. Mont. 2000).  However, other courts have expressed doubt as to whether the <u>Hughes Aircraft Co.</u> factors govern Rule 16(b)'s good cause standard because that case did not involve modification of a scheduling order pursuant to Rule 16(b)(4).  <u>See</u>, e.g,. <u>Porter v. Cal. Dep't of Corrections</u>, No. Civ.S00-978 FCD/JFM, 2006 WL 467980, at *1 n.2 (E.D. Cal. Jan. 6, 2006) (unpublished); <u>Hillside Dairy, Inc. v. Kawamura</u>, Nos. CIV-S-97-1179GEBJFM, CIV-S-97-1185GEBJFM, 2003 WL 24288226, at *3 (E.D. Cal. Dec. 18, 2003) (unpublished).  As is evident below, whether <u>Hughes Aircraft Co.</u> sets the applicable standard is not material to the resolution of plaintiff's application here.

has propounded no discovery, but that plaintiff has responded to defendant's discovery requests. Plaintiff explains in his application that he has not been able to conduct discovery within the time allotted because his efforts have been delayed: (1) "due to illness and hospitalization of his teenage son," and (2) because "Plaintiff has been busily engaged [*sic*] other family matters such as Funerals [*sic*] and caring for his elderly mother." (Dkt. No. 19 at 1.) Defendant does not argue that it would be prejudiced by a brief extension of the discovery completion deadline.

        The undersigned has significant concerns regarding plaintiff's lack of demonstrated diligence in this case. However, in an abundance of caution in light of plaintiff's pro se status,[2] and given no assertion of prejudice by defendant, the undersigned will grant plaintiff a limited extension of time to conduct discovery. Plaintiff will be permitted 20 days from the date of this order in which to "complete" discovery as that term is defined in the Status (Pretrial Scheduling) Order. (Dkt. No. 17 at 3.) No further requests by plaintiff for extensions of the discovery completion deadline will be entertained.[3]

---

[2] The Ninth Circuit Court of Appeals has recognized the substantive and procedural leeway afforded pro se parties, albeit within limits, as compared to represented parties. See, e.g., Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc) (holding that a pro se petition for writ of habeas corpus should be read with more leniency insofar as exhaustion of remedies is concerned); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) ("We have noted frequently that the 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant'" (citation omitted)); Ferdik v. Bonzelet, 963 F.2d 1258, 1261-63 (9th Cir. 1992); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) ("We recognize that the plaintiff represented himself and therefore, in evaluating his compliance with the technical rules of civil procedure, we treat him with great leniency.").

[3] Plaintiff should review Local Rule 183(a), which states, in part: "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona." See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Plaintiff is further admonished that his failure to follow this court's Local Rules, its orders, or the Federal Rules of Civil Procedure is grounds for dismissal of his case and/or the imposition of sanctions. See Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam)

Because of this extension of the discovery completion deadline, the undersigned must also extend the non-discovery law and motion completion deadline, which is presently set for August 20, 2010. (Dkt. No. 17 at 2.) The new law and motion completion deadline will be September 9, 2010.[4] All other dates set forth in the Status (Pretrial Scheduling) Order will remain in effect.

Accordingly, IT IS HEREBY ORDERED that:

1. All discovery shall be conducted as to be "completed," as that term is defined in the Status (Pretrial Scheduling) Order, within 20 days of the date of this order. No further requests for extensions by plaintiff will be considered.

2. All law and motion, except as to discovery, shall be conducted so as to be "completed," as that term is defined in the Status (Pretrial Scheduling) Order, by September 9, 2010.

3. All other dates in the Status (Pretrial Scheduling) Order shall remain in effect.

IT IS SO ORDERED.

DATED: July 14, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

("Failure to follow a district court's local rules is a proper ground for dismissal.").

[4] To the extent that defendant requires relief from the new law and motion completion deadline as a result of the court's extension of the discovery completion deadline, the court will entertain a reasonable request for modification of the scheduling order by defendant.

4