IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAY ANTHONY STEVENS,

    Plaintiff,                             No. 2:09-cv-01502 JAM KJN PS

    v.

HUHTAMAKI,

    Defendant.                           ORDER

_____/

        The court previously granted plaintiff's motion to extend the discovery completion deadline in this case and ordered, consistent with plaintiff's request, that discovery must be "completed" on or before August 3, 2010.  The court granted plaintiff's request out of an abundance of caution and notwithstanding significant concerns about the propriety of plaintiff's request under the applicable legal standard.  The court is now in receipt of two documents filed by plaintiff on August 9, 2010, which relate to discovery in this case: (1) "Brief of Plaintiff in Support of Motion to Compel Discovery" (Dkt. No. 26); and (2) "Plaintiff Discovery Plan" (Dkt. No. 27).  The court will address each document in turn.

I.    <u>"Brief of Plaintiff in Support of Motion to Compel Discovery"</u>

        The undersigned has not considered the filing entitled "Brief of Plaintiff in Support of Motion to Compel Discovery" for multiple reasons.  First, the motion was not noticed

1

1 for hearing in conformity with this court's local rules, which require that motions regarding
2 discovery disagreements must be effectuated by the "filing and service of a notice of motion and
3 motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days
4 from the date of filing and service." E. Dist. Local Rule 251(a).

5       Second, plaintiff filed this brief in support of a purported motion to compel after
6 expiration of the discovery completion date. With respect to discovery deadlines, the court's
7 Status (Pretrial Scheduling) Order in this case provides:

> All discovery shall be conducted so as to be <u>completed</u> by **July 2, 2010**.
> The word "completed" in this context means that all discovery shall have
> been conducted so that all depositions have been taken and any disputes
> relative to discovery shall have been resolved by appropriate order if
> necessary and, where discovery has been ordered, the order has been
> complied with. All discovery motions must be noticed on the magistrate
> judge's calendar in accordance with the local rules of this court. <u>See</u> Local
> Rule 37-251.

13 (Dkt. No. 17 at 3.) On July 2, 2010, the day that the discovery completion deadline expired,
14 plaintiff filed a motion to extend the discovery deadline by 20 days. (Dkt. No. 19.) Over
15 defendant's otherwise legitimate objections, the undersigned granted plaintiff's motion to extend
16 the discovery completion deadline out of an abundance of caution. The court's order provided:

> All discovery shall be conducted as to be "completed," as that term is
> defined in the Status (Pretrial Scheduling) Order, within 20 days of the
> date of this order. No further requests for extensions by plaintiff will be
> considered.

20 (Dkt. No. 22 at 4.) Simply put, even if plaintiff had properly noticed a motion to compel
21 discovery, such a motion would be untimely under the court's Status (Pretrial Scheduling) Order.

22       Although a plaintiff proceeding without counsel is afforded substantial leeway in
23 prosecuting his or her case, such a plaintiff is still required to comply with this court's orders, the
24 court's local rules, and the Federal Rules of Civil Procedure. <u>See</u> E. Dist. Local Rule 183(a)
25 ("Any individual representing himself or herself without an attorney is bound by the Federal
26 Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations

placed on "counsel" by these Rules apply to individuals appearing in propria persona."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Plaintiff has failed to do so. Accordingly, the court has not considered his Brief of Plaintiff in Support of Motion to Compel Discovery.

II.     "Plaintiff Discovery Plan"

Plaintiff also filed a document entitled "Plaintiff Discovery Plan," which: (1) indicates that plaintiff desires to conduct additional discovery regarding a potential Title VII claim, which includes propounding the "[m]aximum number of interrogatories"; and (2) attempts to offer an explanation for plaintiff's complete failure to conduct timely discovery in this case. His explanations for failing to previously conduct discovery in this case are the same as those offered in his prior request for extension of the discovery completion deadline.

The court construes plaintiff's filing as a motion to further extend the discovery completion deadline in this case. Ordinarily, the court would reject plaintiff's filing, require plaintiff to file a properly noticed motion, and provide defendant an opportunity to file an opposition. However, the court does not take such steps here as resolution of plaintiff's request can be reached on the papers before it.

Here, the undersigned denies plaintiff's request to further extend the discovery completion deadline for several reasons. First, the court's previous order extending the discovery completion deadline stated in no uncertain terms that "[n]o further requests for extensions by plaintiff will be considered." (Dkt. No. 22 at 4.) Moreover, plaintiff waited until five days *after* the expiration of the discovery completion deadline to file his request for an extension of the deadline, and such a belated request is a disfavored practice.[1]

---

[1] See E. Dist. Local Rule 144(d) provides:

> **(d) Time for Requesting Extensions.** Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests

3

1         Second, plaintiff's predicament is largely one of his own making. *Plaintiff*

2 previously requested a 20-day extension of the discovery completion deadline, and the court

3 granted that request over defendant's well-founded objection. The court provided plaintiff with

4 exactly what he requested: 20 additional days. Plaintiff could have requested additional time in

5 his original request, but failed to do so. Nothing about plaintiff's pending request suggests that it

6 arises from circumstances that differ from his previous request.

7         Third, plaintiff has not shown "good cause" in support of his request for

8 modification of the discovery completion deadline contained in the Status (Pretrial Scheduling)

9 Order and the court's subsequent order. Pursuant to Federal Rule of Civil Procedure 16(b)(4),

10 "[a] schedule may be modified only for good cause and with the judge's consent." See also

11 Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial

12 scheduling order can only be modified 'upon a showing of good cause.'") (citing Johnson v.

13 Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). A district court may modify the

14 pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the

15 extension." Johnson, 975 F.2d at 609 (citations and quotation marks omitted). If the party

16 seeking the modification "was not diligent, the inquiry should end." Id. In summarizing this

17 good cause standard, a district judge of the Northern District of California recently stated:

18 "Generally, in determining whether there is good cause to permit an extension the court will

19 primarily look to the (1) diligence of the party seeking the extension, but may also consider

20 (2) the explanation for the failure to complete discovery in a timely fashion; and (3) potential

21 prejudice in allowing the extension." Missing Link, Inc. v. eBay, Inc., No. C-07-04487 RMW,

22 2010 WL 34268, at *2 (N.D. Cal. Jan. 6, 2010) (unpublished).

23         Plaintiff has not demonstrated diligence and, accordingly, plaintiff's request will

24 be denied under the applicable legal standard. Plaintiff filed his complaint in June 2009, and the

---

25

26         for Court-approved extensions brought on the required filing date for the
        pleading or other document are looked upon with disfavor.

court entered its Status (Pretrial Scheduling) Order on October 5, 2009. Thus, plaintiff had roughly nine months to complete discovery. The record reveals that plaintiff conducted no discovery between October 2, 2009 and July 2, 2010, which is the date the discovery completion deadline expired and the date that plaintiff filed his first request for a 20-day extension of that deadline. This lack of diligence, alone, ends the inquiry.

In any event, plaintiff's reasons for failing to conduct discovery do not cure or justify his lack of diligence. Plaintiff's "Discovery Plan" provides the same reasons for plaintiff's failure to conduct discovery that were offered in support of plaintiff's initial request for an extension. Plaintiff asserts that he failed to conduct discovery because: (1) his son had to undergo emergency surgery to repair ruptured tendons in his foot; (2) his mother required surgeries in connection with a diagnosis of breast cancer and a back problem; (3) he is not an attorney and could not obtain representation by an attorney; and (4) he was unable to find satisfactory help from the Public Law Library. Although some of these reasons reflect unfortunate circumstances in plaintiff's life, none of them suggests why plaintiff could not conduct discovery over the course of over nine months. Plaintiff provides no adequate explanation regarding why plaintiff was unable to formulate and propound interrogatories or other discovery or conduct depositions. Essentially, plaintiff would like to *begin* discovery at this late date, with a looming law and motion completion deadline of September 9, 2010, and a trial scheduled for February of 2011. The time to begin discovery commenced in October of 2009, and it would be unfair to defendant to permit plaintiff to *start* developing his case at this late date without a showing of good cause. Accordingly, the undersigned will deny plaintiff's request to extend the discovery completion deadline.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The court has not considered, and will not resolve, plaintiff's "Brief of Plaintiff in Support of Motion to Compel Discovery." (Dkt. No. 26.)

2. Plaintiff's submission entitled "Plaintiff Discovery Plan" (Dkt. No. 27),

5

1 which the undersigned construes as a second request for an extension of the discovery
2 completion deadline, is denied.
3         IT IS SO ORDERED.
4 DATED: August 11, 2010

                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE