IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAY ANTHONY STEVENS,

    Plaintiff,                          No. 2:09-cv-01502 JAM KJN PS

    v.

HUHTAMAKI,

    Defendant.                         <u>ORDER</u>

_____/

        The court is in receipt of a request for various forms of relief filed by plaintiff on August 25, 2010. (Dkt. No. 29.) It appears from the request that plaintiff, who is proceeding without counsel (or in propria persona) and in forma pauperis, was incarcerated at the Rio Consumnes Correctional Center ("RCCC") on August 10, 2010. Plaintiff expects a release date of November 2, 2010.

        As an initial matter, plaintiff's request does not contain a notice of change of address, an address at RCCC to which mail can be sent, or an inmate identification number. Plaintiff is reminded that <u>it is his responsibility</u> to keep the court and defendant apprised of his current address. Eastern District Local Rule 183(b) provides:

> **(b) Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by

1

the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Plaintiff has not met the requirements of Local Rule 183(b).  Out of an abundance of caution, the court will attempt to serve this order and a previous order, as discussed below, on plaintiff at RCCC, but notes that it is under no obligation to make such an attempt.  And despite having no obligation to do so, the court has attempted to obtain plaintiff's mailing address at RCCC, which appears to be:

> STEVENS, RAY X-1588659 HFD014
> Rio Cosumnes Correctional Center
> 12500 Bruceville Road
> Elk Grove, CA 95757

Again, the court has gone to extraordinary lengths to reach plaintiff without any obligation to do so.  The court will not make such an effort in the future.  Thus, it is imperative that plaintiff meet his obligations to notify the court and opposing counsel of his current address.[1]

       Turning to plaintiff's requests, plaintiff makes three requests of the court.  First, plaintiff requests "verification" of his "pro per status" so that he may obtain access to the correctional facility's law library.  Plaintiff alleges that his access to the law library has been obstructed by an immediate supervisor because plaintiff has been unable to verify his status as a pro per party, and that his access will be continue to be obstructed until such verification is provided by the court.  The court expresses no view as to the truthfulness of plaintiff's allegations.  However, this order serves as verification that plaintiff filed his lawsuit and is prosecuting this action as a plaintiff proceeding in propria persona, or pro per.

       Second, plaintiff's filing states that plaintiff did not receive a copy of the court's order resolving his "Compel of Discovery."  The court presumes that plaintiff intended to convey

---

[1] Although service on plaintiff will be attempted based on information obtained by the court, the court cannot ensure that plaintiff will actually receive the court's mailing.

that he has not received the court's order addressing his filings entitled: (1) "Brief of Plaintiff in Support of Motion to Compel Discovery" (Dkt. No. 26), and (2) "Plaintiff's Discovery Plan" (Dkt. No. 27.)  The court issued such an order on August 12, 2010, and served plaintiff by mail at the address on file. (Dkt. No. 28.)  Although not obligated in any way to do so, the undersigned will direct the Clerk of Court to serve this order and the order entered August 12, 2010, by mail on plaintiff at RCCC at the address noted above.  Again, the court cannot ensure that plaintiff will actually receive the court's mailing.

Finally, plaintiff asks the court to provide him with the following information: "the hours by Law I am entitled to for which I have legal research to do and Pretrial Motions to file."  The court construes this request as a either request for legal advice or concerning the applicable regulations at RCCC, which the court cannot provide to plaintiff.  Accordingly, this request will be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for "verification" of his status as a pro per plaintiff in the above-captioned matter is granted.  This order constitutes "verification" that plaintiff is proceeding in the above-captioned action as a pro per plaintiff.

2.  Plaintiff's request for legal advice regarding the number of hours of legal research that he is entitled to conduct is denied.

3.  The Clerk of Court is directed to serve this order and the court's order entered August 12, 2010 (Dkt. No. 28), on plaintiff at the following address:

> STEVENS, RAY X-1588659 HFD014
> Rio Cosumnes Correctional Center
> 12500 Bruceville Road
> Elk Grove, CA 95757

////

////

////

Plaintiff's address will <u>not</u> be updated on the court's docket, and <u>it is plaintiff's obligation to file a notice of change of address with the court and notify defendant of his current address</u>.

IT IS SO ORDERED.

DATED: August 27, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE