1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAY ANTHONY STEVENS,

11                 Plaintiff,                    No. 2:09-cv-01502 JAM KJN PS

12          v.

13   HUHTAMAKI,

14                 Defendant.                    <u>ORDER</u>

15   _____/

16          On September 9, 2010, plaintiff filed a two-page, handwritten document entitled

17   "A Notice of Motion Evidentiary Rule:613 prior Statement of Witness."  (Dkt. No. 33.)

18   Although not entirely clear from plaintiff's submission, it appears that plaintiff would like to

19   "examine" a witness, Ed Chavez, regarding his "prior statements," including statements made to

20   the Equal Employment Opportunity Commission regarding plaintiff.  The undersigned will deny

21   plaintiff's request for multiple reasons.

22          First, plaintiff's motion is procedurally defective.  Plaintiff has not properly

23   noticed the motion pursuant to Eastern District Local Rule 230(b).  Ordinarily, the court would

24   require plaintiff to re-notice his motion in accordance with the court's Local Rules.  However, as

25   explained below, plaintiff's motion is fatally flawed, and any attempt to re-notice the motion

26   would not cure the other deficiencies that compel denial of the motion.

Second, Federal Rule of Evidence 613 is a rule of evidence, but does not provide a means of examining a witness before trial, such as a deposition by oral examination noticed pursuant to Federal Rule of Civil Procedure 30.  Accordingly, a motion brought pursuant to Federal Rule of Evidence 613 is not a proper manner in which to seek the pretrial examination of a witness.

Third, it appears that plaintiff's motion is in furtherance of plaintiff's discovery efforts in this case and, to that end, the motion is untimely.  Pursuant to the court's Status (Pretrial Scheduling) Order and a subsequent modification to the scheduling order, all discovery in this matter had to be "completed" by the parties on or before August 3, 2010.  (Dkt. Nos. 17, 22.)  The Status (Pretrial Scheduling) Order makes clear that "[t]he word 'completed' in this context means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with."  (Dkt. No. 17 at 3.)  Simply stated, plaintiff filed this discovery-related motion well-beyond the discovery completion deadline, and the court will not hear the motion.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to examine a witness pursuant to Federal Rule of Evidence 613 (Dkt. No. 33) is denied.

IT IS SO ORDERED.

DATED:  September 10, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE