1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAY ANTHONY STEVENS,

11              Plaintiff,              No. 2:09-cv-01502 JAM KJN PS

12        v.

13   HUHTAMAKI,

14              Defendant.             <u>ORDER</u>

15   _____/

16              Presently before the court is plaintiff's motion for leave to file an amended

17   complaint pursuant to Federal Rule of Civil Procedure 15.  (Dkt. No. 36.)  Despite the fact that

18   plaintiff filed his motion after expiration of the applicable law and motion completion date and

19   did not notice his motion for an appropriate hearing date under this court's Local Rules, the

20   court, out of an abundance of caution, ordered that defendant file a response to the motion.  (Dkt.

21   No. 38.)  Defendant filed such a response.  (Dkt. No. 39.)  For the reasons that follow, the

22   undersigned will deny plaintiff's motion for leave to amend.

23              Plaintiff filed his complaint on June 1, 2009.  (Dkt. No. 1.)  In that complaint,

24   plaintiff alleges that defendant engaged in unlawful employment discrimination against him in

25   violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

26              This court subsequently entered a Status (Pretrial Scheduling) Order, which

                                          1

1  provided, in part, that "[n]o further . . . amendments to pleadings is permitted except with leave

2  of court, good cause having been shown." (Dkt. No. 17 at 2.)  It further provided: "All law and

3  motion, except as to discovery . . . shall be conducted so as to be <u>completed</u> by **August 20, 2010.**

4  The word "completed" in this context means that all law and motion matters must be heard on or

5  before the above date." (<u>Id</u>.)  In a subsequent order, the court granted, out of an abundance of

6  caution and despite the lack of any obligation to do so, plaintiff's motion for extension of the

7  discovery completion deadline and, as a result, also extended the law and motion completion

8  deadline to September 9, 2010.  (Dkt. No. 22 ("All law and motion, except as to discovery, shall

9  be conducted so as to be "completed," as that term is defined in the Status (Pretrial Scheduling)

10  Order, by September 9, 2010.").)[1]

11          Plaintiff initially filed a motion for leave to amend his complaint on August 4,

12  2010, but failed to properly notice that motion for a hearing before the court and failed to lodge

13  his proposed amended complaint.  (Dkt. No. 23.)  Because of plaintiff's failure to follow the

14  court's Local Rules, the court ordered plaintiff to re-notice his motion for an appropriate hearing

15  date and lodge the proposed amended complaint with the court.[2]  (Dkt. No. 25.)  Plaintiff did not

16  immediately correct the deficiencies in his motion.

17          On September 13, 2010, over one month later and after the expiration of the

18  already-continued law and motion completion deadline, plaintiff filed the pending motion for

19  leave to file an amended complaint.  Plaintiff noticed his untimely motion for a hearing to take

20  _____

21          [1]  The Final Pretrial Conference in this matter is currently set for November 5, 2010.
   (Dkt. No. 17 at 4.)

22

23          [2]  Although a plaintiff proceeding without counsel is afforded substantial leeway in
   prosecuting his or her case, such a plaintiff is still required to comply with this court's orders, the
24  court's local rules, and the Federal Rules of Civil Procedure.  <u>See</u> E. Dist. Local Rule 183(a)
   ("Any individual representing himself or herself without an attorney is bound by the Federal
25  Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations
   placed on 'counsel' by these Rules apply to individuals appearing <u>in propria persona</u>."); <u>King v.</u>
26  <u>Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of
   procedure that govern other litigants.").

2

1   place on September 9, 2010, which is in violation of Local Rule 230(b).  Plaintiff has not filed a

2   motion to amend the scheduling order to extend the law and motion completion date.

3          The proposed amended complaint attached to plaintiff's motion reflects that

4   plaintiff is seeking leave to further allege the following: (1) defendant violated the Equal

5   Protection Clause of the Fourteenth Amendment by failing to properly review plaintiff's arrest

6   and conviction record before deciding not to hire him; (2) defendant's reasons for its decision not

7   to hire plaintiff support an "inference of discrimination" because those reasons were a "pretext

8   for discrimination"; (3) defendant violated the Equal Protection Clause of the Fourteenth

9   Amendment because its reasons for not hiring plaintiff were factually unsupported; and

10  (4) defendant violated "privacy laws" and defamed plaintiff by "alleging that defendant's

11  background check had a criminal hit of a registered child molster [*sic*]."  (Pl.'s Mot. for Leave to

12  Amend, Ex. A, Dkt, No. 36, Doc. No. 36-1.)

13         "Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal

14  Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's

15  standards control[]" whether a the scheduling order should be amended.  <u>Johnson v. Mammoth</u>

16  <u>Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992).  Thus, plaintiff's ability to amend his

17  complaint is governed first by Rule 16(b), not Rule 15(a).  <u>See id</u>. at 608.

18         Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be

19  modified only for good cause and with the judge's consent."  <u>See also</u> <u>Zivkovic v. So. Cal.</u>

20  <u>Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can

21  only be modified 'upon a showing of good cause.'") (citing <u>Johnson</u>, 975 F.2d at 607).  The

22  Ninth Circuit has articulated the Rule 16 inquiry as follows:

23         "A court's evaluation of good cause is not coextensive with an inquiry into
            the propriety of the amendment under . . . Rule 15."  Unlike Rule 15(a)'s

24         liberal amendment policy which focuses on the bad faith of the party
            seeking to interpose an amendment and the prejudice to the opposing

25         party, Rule 16(b)'s "good cause" standard primarily considers the
            diligence of the party seeking the amendment.  The district court may

26         modify the pretrial schedule "if it cannot reasonably be met despite the

3

1       diligence of the party seeking the extension." Moreover, carelessness is
    not compatible with a finding of diligence and offers no reason for a grant
2   of relief. Although the existence or degree of prejudice to the party
    opposing the modification might supply additional reasons to deny a
3   motion, the focus of the inquiry is upon the moving party's reasons for
    seeking modification. If that party was not diligent, the inquiry should
4   end.

5   Johnson, 975 F.2d at 609 (citations omitted).

6       Here, plaintiff has not shown "good cause" in support of his request for leave to

7   amend his complaint and, similarly, has not demonstrated good cause in support of any

8   modification of the Status (Pretrial Scheduling) Order that would permit plaintiff to file an

9   amended complaint. Indeed, plaintiff did not even file a motion to modify the scheduling order

10  or offer any arguments regarding good cause in his motion. Moreover, plaintiff has demonstrated

11  a lack of diligence in prosecuting his case that ends the inquiry. As recounted in prior orders

12  issued by the court, plaintiff essentially allowed his case to languish without activity until the

13  discovery and law and motions completion deadlines were upon him. (See Dkt. Nos. 22, 28, 38.)

14      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to

15  amend is denied.

16      IT IS SO ORDERED.

17  DATED: October 22, 2010

18

19

20

21  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

4