1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAY ANTHONY STEVENS,

11           Plaintiff,                    No. 2:09-cv-01502 JAM KJN PS

12       v.

13   HUHTAMAKI,

14           Defendant.                    ORDER TO SHOW CAUSE

15   _____/

16           A trial in this case is scheduled to commence on February 7, 2011, and United

17   States District Judge John A. Mendez scheduled a settlement conference to take place before the

18   undersigned on December 10, 2010.  (Minute Order, Dkt. No. 49.)  Although the undersigned

19   was prepared to conduct the ordered settlement conference, and counsel for defendant, along

20   with a client representative, appeared before the undersigned on the scheduled date to participate

21   in the settlement conference, plaintiff failed to appear for the court-ordered settlement

22   conference.[1]  Plaintiff also failed to submit a confidential settlement conference statement in

23   advance of the settlement conference, which was required by an order of the court.  (See Pretrial

24

25        [1]  The undersigned's Courtroom Deputy attempted to contact plaintiff at several telephone
     numbers, both on record with the court and others provided by defense counsel, but was unable
26   to reach plaintiff.

                                            1

1   Conference Order at 12-13, Dkt. No. 50.)

2          As a result of plaintiff's failure to appear and participate in the court-ordered

3   settlement conference, the undersigned reset the settlement conference for January 5, 2011.

4   However, as discussed further below, the undersigned orders plaintiff to show cause in writing

5   why he should not be sanctioned for his failure to appear and participate in the settlement

6   conference.  Plaintiff must also indicate to the court whether he intends to participate in the

7   rescheduled settlement conference.

8          In regards to the court's power to sanction plaintiff, Eastern District Local

9   Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any

10  order of the Court may be grounds for imposition by the Court of any and all sanctions

11  authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern

12  District Local Rule 183(a) provides, in part:

13          Any individual representing himself or herself without an attorney is
            bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
14          and all other applicable law.  All obligations placed on "counsel" by these
            Rules apply to individuals appearing in propria persona.  Failure to comply
15          therewith may be ground for dismissal . . . or any other sanction
            appropriate under these Rules.
16

17  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

18  same rules of procedure that govern other litigants.").  Case law is in accord that a district court

19  may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal

20  Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case, fails to

21  comply with the court's orders, or fails to comply with the court's local rules.  See Chambers v.

22  NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a

23  suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d

24  683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of

25  Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of

26  civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per

1   curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert.

2   denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant

3   to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to

4   comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing

5   Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts

6   have inherent power to control their dockets and may impose sanctions including dismissal).

7           To date, the court has been extremely lenient with respect to plaintiff's repeated

8   failures to adhere to the court's orders and follow the Federal Rules of Civil Procedure and the

9   court's Local Rules.  Plaintiff is admonished that his failure to respond to this Order to Show

10  Cause, failure to file a confidential settlement conference statement and failure to appear at the

11  court-ordered settlement conference are proper bases for the imposition of sanctions, including

12  but not limited to the involuntary dismissal of his case pursuant to Federal Rule of Civil

13  Procedure 41(b).  Presently, the undersigned orders plaintiff to show cause in writing why the

14  court should not impose monetary sanctions on plaintiff in the amount of $1,040.00, which is the

15  amount of attorney's fees that defendant's counsel represented that defendant incurred in

16  connection with the failed settlement conference.  Defendant's counsel stated on the record that

17  he will bill defendant for two hours of defendant's counsel's time, at an hourly rate of $520.00

18  per hour, for the time counsel spent in attending the settlement conference that could not proceed

19  because of plaintiff's conduct.  Plaintiff is warned that any further failures on his part will result

20  in a recommendation to Judge Mendez that plaintiff's case be dismissed with prejudice.

21          For the foregoing reasons, IT IS HEREBY ORDERED that:

22          1.      The court-ordered settlement conference in this matter is reset and will

23  take place before the undersigned on January 5, 2011, at 10:00 a.m., in Courtroom 25.  As stated

24  in the Pretrial Conference Order, each party is directed to submit to the chambers of the

25  undersigned "a confidential settlement conference statement seven (7) days prior to the

26  conference.  Such statements are neither to be filed with the clerk nor served on opposing

1   counsel.  However, each party shall notify the other party that the statement has been submitted

2   to the judge's chambers."  (Pretrial Conference Order at 12:25-13:2.)  Defendant need not submit

3   an additional confidential settlement statement if it intends to rely on its previously submitted

4   statement.

5                2.        Plaintiff shall show cause in writing, on or before December 20, 2010,

6   why he should not be sanctioned in the amount of $1,040.00 for his failure to appear and

7   participate in the court-ordered settlement conference.  In the writing to be submitted by plaintiff,

8   plaintiff shall also indicate to the court whether he intends to appear and participate in good faith

9   at the January 5, 2011 settlement conference.

10               IT IS SO ORDERED.

11   DATED:  December 10, 2010

12

13   _____
     KENDALL J. NEWMAN

14   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26