IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAY ANTHONY STEVENS,

    Plaintiff,                    No. 2:09-cv-01502 JAM KJN PS

    v.                           <u>ORDER</u>

HUHTAMAKI,

    Defendant.

_____/

        A trial in this case is scheduled to commence on February 7, 2011, and United States District Judge John A. Mendez scheduled a settlement conference to take place before the undersigned on December 10, 2010. (Minute Order, Dkt. No. 49.) The court scheduled the settlement conference to begin at 9:00 a.m. in Courtroom 25. (<u>Id</u>.) Although the undersigned was prepared to conduct the settlement conference, and counsel for defendant appeared before the undersigned on the scheduled date to participate in the settlement conference, plaintiff failed to appear for the court-ordered settlement conference.[1] Plaintiff also failed to submit a confidential settlement conference statement in advance of the settlement conference, which was required by an order of the court. (<u>See</u> Pretrial Conference Order at 12-13, Dkt. No. 50.)

---

[1] The undersigned's Courtroom Deputy attempted to contact plaintiff at several telephone numbers on record with the court, but was unable to reach plaintiff.

As a result of plaintiff's failure to appear and participate in the court-ordered settlement conference, the undersigned reset the settlement conference for January 5, 2011, at 10:00 a.m. (Dkt. Nos. 53, 54.) Additionally, the undersigned entered an order to show cause (the "OSC"), which required, in part, the following of plaintiff:

> Plaintiff shall show cause in writing, <u>on or before December 20, 2010</u>, why he should not be sanctioned in the amount of $1,040.00 for his failure to appear and participate in the court-ordered settlement conference. In the writing to be submitted by plaintiff, plaintiff shall also indicate to the court whether he intends to appear and participate in good faith at the January 5, 2011 settlement conference.

(OSC at 4, Dkt. No. 53.) The undersigned also warned plaintiff that future failures to adhere to the court's orders, the Federal Rules of Civil Procedure, and the court's Local Rules would be the proper basis for the imposition of sanctions, including the dismissal of his lawsuit pursuant to Federal Rule of Civil Procedure 41(b). (<u>Id</u>. at 3.)

On December 20, 2010, plaintiff filed a timely response to the OSC ("Response"). (Dkt. No. 55.) In his Response, plaintiff states that he did not show up at the December 10th settlement conference because he relied on a typographical error contained in defendant's Settlement Conference Statement, which states in the caption that the settlement conference would commence at 10:00 a.m. on December 10, 2010.[2] (Response at 1-2.) Plaintiff acknowledges that he failed to refer to the court's order regarding the time of the court-ordered settlement conference. (<u>Id</u>. at 2.) Plaintiff further states that he "contacted Defendant attorney, Richard Grey at 10:00 a.m. and he admitted that his clerk made a type-o error on the time of the settlement conference statement." (<u>Id</u>. at 2.) Significantly, nowhere in plaintiff's Response does plaintiff state that he actually showed up to the courthouse or Courtroom 25 at 10:00 a.m. to appear at the settlement conference. Finally, plaintiff states that he intends to appear at the

---

[2] Plaintiff attached the first page of defendant's Settlement Conference Statement to his response to the OSC. The caption reflects that defendant listed "10:00 a.m." as the time for the settlement conference. (Response at 3.)

2

rescheduled settlement conference on January 5, 2011, "in good faith."  (Response at 2.)

As an initial matter, the undersigned admonishes plaintiff that the court's order—not the defendant's Settlement Conference Statement—is the document that set the time and place for the settlement conference.  Although unfortunate, it is no excuse that a document served by defendant contained an error.  Plaintiff must refer to the court's orders, and plaintiff bears the responsibility for appearing at the time and place designated by the court.

Moreover, the court is troubled by the assertion in plaintiff's Response to the effect that plaintiff called defendant's attorney at 10:00 a.m.  There is no indication or representation in the Response that plaintiff ever showed up to the Courtroom 25 at 10:00 a.m. on December 10, 2010.  Additionally, it is at least curious, and at most illogical, that plaintiff would choose to call defendant's attorney before contacting the court regarding plaintiff's mistake.  Although the court appreciates when the parties communicate and cooperate, plaintiff should have contacted the court as soon as he realized his error.

Finally, the undersigned does not address in this order any potential sanction against plaintiff.  Instead, the undersigned will address the matter in court on the date set for the settlement conference on January 5, 2011, at 10:00 a.m.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The court-ordered settlement conference in this matter will take place before the undersigned on January 5, 2011, *at 10:00 a.m.*, in Courtroom 25.  As provided in Judge Mendez's Minute Order entered on November 8, 2010:

> The parties are directed to exchange *non-confidential* settlement conference statements seven days prior to this settlement conference. These statements shall simultaneously be delivered to the Court. Defendant's statement shall be delivered to the Court using the following email address: **kjnorders@caed.uscourts.gov**.  Plaintiff's statement shall either be mailed or delivered to the Clerk's Office, located on the 4th floor. If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

\\\\\

1  (Minute Order, Nov. 8, 2010, at 1 (emphasis added), Dkt. No. 49.)[3]

2    2.    The court will address plaintiff's response to the order to show cause, and the imposition of any possible sanction, on the date set for the settlement conference on January 5, 2011.

IT IS SO ORDERED.

DATED: December 23, 2010

```
_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE
```

KJN:nkd

---

[3] The parties should note that the court's Order to Show Cause mistakenly ordered the parties to submit to the undersigned's chambers "confidential" settlement conference statements and that the parties notify one another of the submission.  Although this order is consistent with the Pretrial Conference Order entered by Judge Mendez on November 8, 2010 (see Pretrial Conference Order at 12:25-13:2), it is inconsistent with Judge Mendez's Minute Order also entered on November 8, 2010, which required that the settlement conference statements be "non-confidential" in nature, submitted to the court, and exchanged by the parties (see Minute Order, Nov. 8, 2010, at 1).  The undersigned orders the parties to follow the November 8, 2010 Minute Order, which is quoted above, with respect to the submission and exchange of non-confidential settlement conference statements.